1
2
3
4
5
6                **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8                                    )
9  Jennifer Burritt,                 )        NO. CV 09-406-PHX-FJM
                                      )
10                  Plaintiff(s),     )
                                      )
11        vs.                         )        **RULE 16**
                                      )        **SCHEDULING ORDER**
12 NutraCea,                          )
                                      )
13                  Defendant(s).     )
   _____)

14

15        Pursuant to the terms of the Case Management Plan and the

16  representations made by the parties at the Rule 16 Scheduling

17  Conference, all parties shall comply with the deadlines established

18  in this Order.

19        **THE PARTIES AND THEIR COUNSEL ARE CAUTIONED THAT THE DEADLINES**

20  **SET FORTH IN THIS RULE 16 SCHEDULING ORDER SHALL BE STRICTLY**

21  **ENFORCED.   NO EXTENSIONS TO THE DISPOSITIVE MOTION CUTOFF DATE,**

22  **THE PRETRIAL ORDER DATE, THE PRETRIAL CONFERENCE DATE, AND THE FIRM**

23  **TRIAL DATE WILL BE GRANTED DUE TO CASE PROCESSING PROBLEMS,**

24  **DISCOVERY DISPUTES OR SETTLEMENT NEGOTIATIONS.**

25        1A. (1) Lead plaintiff to file consolidated amended complaint

26  no later than **July 1, 2009**. (2) Defendants to file motion to

27  dismiss no later than **August 2, 2009**.  (3) Response to motion to

28  dismiss no later than **August 21, 2009**.  (4) Reply to response to

1  motion to dismiss no later than **September 2, 2009**.  (5) Ruling on

2  motion to dismiss no later than **October 2, 2009**.

3       1B.   All Initial Disclosures as defined in Fed.R.Civ.P. 26(a),

4  if not already disclosed prior to the Scheduling Conference, shall

5  be made **no later than November 2, 2009.**

6       2.   To satisfy the requirements of Fed.R.Civ.P. 26(a), the

7  parties shall file with the Clerk of the Court a <u>Notice of Initial</u>

8  <u>Disclosure</u>, rather than copies of the actual disclosures.

9       3.   Motions to Amend the Complaint, and to join additional

10 parties shall be filed no later than **December 1, 2009.**

11      3A.   Motions for class certification shall be filed no later

12 than **December 1, 2009.**

13      4.   The Plaintiff(s) shall disclose the identity of all

14 persons who may be used at trial to present evidence under

15 Fed.R.Evid. 702, 703, 704, and 705 no later than **March 1, 2010.**

16 The Defendant(s) shall disclose the identity of all persons who may

17 be used at trial to present evidence under Fed.R.Evid.  702, 703,

18 704, or 705 no later than **April 1, 2010.**   The parties shall

19 disclose the identity of all rebuttal expert testimony no later

20 than **April 30, 2010.**

21      The disclosures of the identities of all persons who may be

22 used at trial to present evidence under Fed.R.Evid. 702, 703, 704,

23 or 705 shall also include all of the disclosures required by

24 Fed.R.Civ.P. 26(a)(2)(B) if the witness is either (1) retained or

25 specifically employed to provide expert testimony in the case, or

26 (2) is an agent or employee of the party offering the testimony

27 whose duties regularly involve giving expert testimony.   No

28 deposition of any expert witness shall occur before the disclosures

concerning expert witnesses mandated by this Order are made.

5.   The parties are required to finally supplement <u>all</u> discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **June 1, 2010.**   The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3).   Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

6.   All discovery, including answers to interrogatories, production of documents, depositions and requests to admit must be completed by **July 1, 2010.**

7.   Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court.   Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts.

8.   Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P.

9.   Motions on discovery matters are strongly discouraged. Parties are directed to Local Rule Civil 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve

1  any discovery difficulties.   If the parties cannot reach a

2  resolution, they may file a motion.  Motions, responses and replies

3  shall not exceed two pages each.

4      10.  All dispositive motions shall be filed no later

5  than **August 3, 2010**.  **A party or parties represented by the same**

6  **lawyer shall file no more than one motion for summary judgment**

7  **unless leave of Court is obtained.**

8      11.  All parties are specifically admonished that pursuant to

9  Local Rule Civil Rule 7.2(i), "[if a motion does not conform in all

10  substantial respects with the requirements of this Rule, or **if the**

11  **opposing party does not serve and file the required answering**

12  **memoranda, or if counsel for any party fails to appear at the time**

13  **and place for oral argument, such non-compliance may be deemed a**

14  **consent to the denial or granting of the motion and the Court may**

15  **dispose of the motion summarily.**"

16      12.  **A Joint Proposed Pretrial Order** shall be lodged

17  by **December 3, 2010**, notwithstanding the pendency of unresolved

18  dispositive motions.   The parties are therefore advised to get

19  their dispositive motions resolved sooner rather than later.   The

20  Proposed Pretrial Order shall be in the <u>Form of Joint Proposed</u>

21  <u>Pretrial Order</u> attached to this order.

22      13.  If the case will be tried to the Court, rather than to a

23  jury, <u>in addition to</u> filing a **Joint Proposed Pretrial Order**, each

24  party shall also submit <u>very</u> <u>brief</u> Proposed Findings of Fact and

25  Conclusions of Law on the same date the **Joint Proposed Pretrial**

26  **Order** is due.

27      14.  Motions in limine are discouraged. The parties shall file

28  and serve all **Motions in Limine** no later than the filing of the

- 4 -

**Joint Proposed Pretrial Order.** Responses shall be filed at least two days before the final pretrial conference. The lawyers for all parties shall come to the final **Pretrial Conference** prepared to address the merits of all such motions; no replies shall be filed. Motions in limine and responses shall not exceed two pages and shall be limited to matters which might avoid a mistrial.

15. The parties are advised that they are required to file with the **Joint Proposed Pretrial Order** the following:

(A) A <u>joint</u> stipulated <u>Statement of the Case</u> to be read to the jury. If the parties have any disagreement about the statement, the party proposing the statement will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection below the statement and offer an alternative statement.

(B) Proposed <u>voir dire</u> questions that are case specific.

(C) <u>Proposed jury instructions</u>. The instructions shall be accompanied by citations to legal authority. Instructions shall not be partisan. Prepare them as though you were the judge's law clerk.

(D) A <u>joint</u> stipulated <u>form of verdict</u>. If the parties have any disagreement about the form of verdict, the party proposing the form will set it forth in the joint pleading and the party objecting shall set forth the reason for the objection and offer an alternative form of verdict.

(E) A <u>Trial Memorandum of Law</u> for each party. The memorandum shall be **<u>brief</u>** but must address all questions of law, including evidentiary issues that the party anticipates will arise at trial.

1     16.   The lawyers for each party who will be responsible for

2    trial of the lawsuit shall appear and participate in a **Pretrial**

3    **Conference** on   **Friday, December 10, 2010, at 3:00 p.m**.

4    **IT IS FURTHER ORDERED** directing the parties to submit their

5    proposed jury instructions and forms of verdict in WordPerfect

6    format on disk or by e-mail (mary_molyneaux@azd.uscourts.gov) in

7    addition to the written materials filed with the Clerk of the

8    Court.

9    **IT IS FURTHER ORDERED setting jury trial** on  **Tuesday, January**

10    **11, 2011, at 9:00 a.m.** Estimated length: **12**  days.

11    DATED this 29th day of May, 2009.

12

13

14                          _Frederick J. Martone_

15                            Frederick J. Martone
                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8                                              )
                                               )
9                             Plaintiff,       )      No. CV        FJM
                                               )
10              vs.                            )
                                               )      **JOINT PROPOSED PRETRIAL**
11                                             )                 **ORDER**
                                               )
12                                             )
                            Defendant.         )
13 _____ )

14         Pursuant to the Scheduling Order previously entered, the

15 following is the Joint Proposed Pretrial Order to be considered at

16 the Final Pretrial Conference set for _____, 200__, at

17 _____ before Judge Martone.

18         1.    **TRIAL COUNSEL FOR THE PARTIES**

19              Include mailing address, office phone and fax numbers.

20              Plaintiff(s):

21              Defendant(s):

22         2.    **STATEMENT OF JURISDICTION/VENUE.**  Cite the statute(s) or

23 rule(s) which give(s) this court jurisdiction and venue (e.g.,

24 jurisdiction in this case is based on diversity of citizenship

25 under 28 U.S.C. § 1332).

26         3.    **NATURE OF ACTION.**  Provide a **concise** statement (no more

27 than one page) of the kind of case, the cause of action, and the

28 relief sought.

1    (e.g., - This is a products liability case in which the
2    plaintiff seeks damages for personal injuries sustained
3    when he fell from the driver's seat of a forklift.   The
4    plaintiff  contends  that  the  forklift  was  defectively
5    designed and manufactured by the defendant and that the
6    defects  were  a  producing  cause  of  his  injuries  and
7    damages.)

8    4.   **STIPULATIONS AND UNDISPUTED FACTS**

9    5.   **WITNESSES**

10   Provide  a  separate  list  for  each  party  of  all  witnesses
11   (including experts) whom the party will call in person or through
12   deposition,   except   witnesses   who   may   be   called   only   for
13   impeachment.   If  a  witness  will  appear  by  deposition  only,  the
14   party calling the witness will give notice of the pages to be read
15   to all other parties on or before the date the proposed pretrial
16   order is lodged.  (Do not include deposition pages in the pretrial
17   order).

18   6.   **EXHIBITS**

19   Each  party  must  submit  with  this  proposed  order  a  list  of
20   numbered exhibits, with a description of each containing sufficient
21   information to identify the exhibit. Document admissibility issues
22   should be solved by stipulation before trial. The parties should
23   work with the clerk to mark all exhibits directly into evidence
24   unless a good faith objection will be raised at trial.

25   7.   **INFORMATION FOR COURT REPORTER**

26   In  order  to  facilitate  the  creation  of  an  accurate  record,
27   please  file  a  "Notice  to  Court  Reporter"  one  week  before  trial
28   containing  the  following  information  that  may  be  used  at  trial:

1        1. Proper names, including those of witnesses.

2        2. Acronyms.

3        3. Geographic locations.

4        4. Technical (including medical) terms, names or jargon.

5        5. Case names and citations.

6

7   APPROVED AS TO FORM AND CONTENT:

8   _____     _____
    Attorney for Plaintiff              Attorney for Defendant
9

10
    THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS _____ DAY OF
11
    _____, 200___.
12

13                                     _____
                                            Frederick J. Martone
14                                       United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -