1    **WO**

2

3

4

5                          **NOT FOR PUBLICATION**

6                   IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Jennifer Burritt, et al.,            )    No. CV-09-00406-PHX-FJM
                                          )
10                  Plaintiffs,           )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     NutraCea, et al.,                    )
13                                        )
                    Defendants.           )
14                                        )
                                          )
15   _____ )

16

17       The court has before it plaintiffs' motion for leave to amend the consolidated amended

18   complaint (doc. 40), defendants' response (doc. 43), and plaintiffs' reply (doc. 48). We also

19   have before us motions to dismiss by defendants Crow, Edson, and NutraCea (respectively

20   doc. 35, 36, & 37), plaintiffs' motion for leave to file a joint response and joint response

     (doc. 42 & 47), and defendants' replies (doc. 50, 54, & 51).
21
         Under Rule 15(a)(2), Fed. R. Civ. P., a party may amend a pleading outside of an
22
     amendment as a matter of course "only with the opposing party's written consent or the
23
     court's leave." We will grant leave "when justice so requires." Id. A motion for leave to
24
     amend may be denied for undue delay, bad faith, or dilatory motive on the part of the movant
25
     or for undue prejudice to the opposing party. Eminence Capital, LLC v. Aspeon, Inc., 316
26
     F.3d 104, 1052 (9th Cir. 2003) (per curiam) (citation omitted).
27

28

Defendants oppose the motion for leave to amend on the grounds that the timing of the motion in relation to the pending motions to dismiss indicates bad faith and undue delay and that the costs of additional motions to dismiss would be unduly prejudicial. Defendants also assert that much of the information in the proposed amended complaint was available previously and that granting the motion would disrupt the deadlines set by our Rule 16 scheduling order (doc. 28).

Plaintiffs contend that leave to amend is justified because the proposed amended complaint contains new information first discovered through a source who came forward on August 4, 2009. Plaintiffs also point out correctly that the deadline for filing motions to amend the complaint under our scheduling order is December 1, 2009.

We find insufficient evidence of undue delay or bad faith in the timing of plaintiffs' motion to amend. And the costs of additional motions to dismiss at this stage do not rise to the level of undue prejudice. We grant plaintiffs' motion to amend the consolidated amended complaint (doc. 40).

Once a complaint has been amended, the amended complaint supersedes the prior complaint and the latter is "treated thereafter as non-existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Because the plaintiffs have lodged an amended consolidated complaint, the motions to dismiss by defendants Crow, Edson, and NutraCea are now moot and are denied on that basis. Plaintiffs' motion to file a joint response is also moot and denied.

**IT IS THEREFORE ORDERED GRANTING** plaintiffs' motion for leave to amend (doc. 40) and **DENYING** plaintiffs' motion for leave to file a joint response (doc. 42).

**IT IS FURTHER ORDERED DENYING** defendant Crow's motion to dismiss (doc. 35), **DENYING** defendant Edson's motion to dismiss (doc. 36), and **DENYING** defendant NutraCea's motion to dismiss (doc. 37).

**IT IS FURTHER ORDERED** amending the Rule 16 Scheduling Order (doc. 28) only as follows. Paragraph 1A is amended such that any motions to dismiss shall be filed no later than October 7, 2009 with a normal briefing schedule under LRCiv 7.2. Paragraph 1B

is amended such that all initial disclosures shall be made no later than January 4, 2010. Paragraph 3 is amended such that there shall be no further amended complaints. Paragraph 3A is amended such that motions for class certification shall be filed no later than February 1, 2010. The parties are advised that these amendments shall have no effect on the remainder of the Rule 16 order.

The clerk shall file the lodged amended consolidated complaint under LRCiv 15.1(c).

DATED this 24th day of September, 2009.

*Frederick J. Martone*
_____
Frederick J. Martone
United States District Judge