UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JENNIFER BURRITT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>vs.<br><br>NUTRACEA, BRADLEY D. EDSON, TODD C. CROW, AND DAVID BENSOL,<br><br>Defendants. | No. CV-09-00406-PHX-FJM<br>**(Consolidated)**<br>CLASS ACTION<br><br>ORDER AND FINAL JUDGMENT |

On the 1st day of October, 2010, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 17, 2010 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Defendants NutraCea, Inc. ("NutraCea" or the "Company"), Bradley D. Edson, Todd C. Crow and David Bensol; (2) whether judgment should be entered dismissing the Complaint, on the merits and with prejudice, in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Class Action) as a fair and reasonable

method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel;

The District Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the District Court in the Preliminary Order was mailed to all persons and entities reasonably identifiable who purchased NutraCea common stock that is the subject of the Litigation, during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a summary notice of the hearing substantially in the form approved by the District Court in the Preliminary Order was published in accordance with the Preliminary Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The District Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, all Class Members and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation.

3. The District Court finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class;

and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the following action as a class action: all persons who purchased the common stock of NutraCea during the period from April 2, 2007 through February 23, 2009, inclusive. The "Class" includes the Class Members collectively as well as each Class Member acting individually. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of NutraCea and the affiliates, legal representatives, heirs, predecessors, successors and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a timely, valid request for exclusion.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as class representatives and the Lead Counsel previously selected by Lead Plaintiff and appointed by the District Court is hereby appointed as Lead Counsel for the Class.

6. The Settlement Stipulation is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

7. The Litigation is hereby dismissed with prejudice and without costs.

8. Lead Plaintiff, Named Plaintiffs and each of the Class Members (including but not limited to any Class Member who is a party to any other action, arbitration or other proceeding who is asserting claims related to the Released Claims against any of the Defendants or any of the Released Parties that are pending on the day of Final Approval) on behalf of themselves, their heirs, joint tenants, tenants in common,

beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any person they represent, hereby release and forever discharge, and shall be deemed to have released, dismissed and forever discharged, the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party. Further, Lead Plaintiff and all Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, expressly covenant not to assert any claim or action against any of the Defendants, Carolina, or any of their agents, insurers, or their re-insurers, derivatively on behalf of NutraCea that (i) arises out of or relates to any of the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint or otherwise alleged, asserted or contended in the Litigation or (ii) that could have been alleged, asserted or contended in any forum by the Class or any of the Class Members against any of the Released Parties which arises out of, relates to, or is based upon the allegations, transactions, facts, matters, events, acts, representations or omissions asserted, set forth, or referred to in the Complaint, and shall forever be enjoined from commencing, instituting or prosecuting any such claim. The foregoing is not a release by NutraCea, its bankruptcy estate or any successor in interest or reorganized entity of any claims or action it may have against Released Parties. Lead Plaintiff and all Class Members, whether or not any such person submits a Proof of Claim, or otherwise shares in the Settlement Fund, on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs and any other person who purports to claim through them, are hereby deemed by this Settlement to have released and forever discharged the Released Parties from any and all of the Released Claims. Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind,

asserting against any of the Released Parties, and each of them, any of the Released Claims. Without limiting the foregoing, this includes the filing of a proof of claim in the Bankruptcy Case on the assertion of any right to payment from NutraCea or its bankruptcy estate.

9. Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, are hereby deemed by this Settlement to have released and forever discharged Lead Plaintiff, Named Plaintiffs and all Plaintiffs' counsel in the Litigation from any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement. Defendants are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any and all claims, known or unknown, arising out of or relating to their filing, prosecution or settlement of the Litigation, except for claims to enforce the Settlement against Lead Plaintiff, Named Plaintiffs, Class Members or any Plaintiffs' Counsel.

10. Lead Plaintiff, Named Plaintiffs and the Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Parties.

11. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. see 78U-4(f)(7)(A), the Released Parties are discharged or released from all claims for contribution that have been or may be brought by or on behalf of any Persons relating to the Settlement of the Released Claims. As of the Effective Date, any and all Persons are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or

proceeding asserting such claim for contribution and the Released Parties are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding asserting such claim for contribution. This paragraph is subordinate to the due process rights of non-parties.

12. The District Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred or used against the Released Parties or against the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15. Without further order of the District Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the District Court may make on the Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

17. The District Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

18. The District Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons set forth on Exhibit A.

19. The District Court has reviewed and considered the objections of Class Members Nedko Nedev and Gary Eudy. The District Court overrules the objections on the basis that the Settlement is fair and reasonable under the circumstances, for all the reasons stated on the record.

20. All the claims against all the parties having been resolved, this is a final judgment.

Dated this 1st day of October, 2010.

Frederick J. Martone

Frederick J. Martone
United States District Judge

**EXHIBIT A**

Joseph E. Cavataio
5385 Walnut Grove Road
Memphis, TN 38120

Dennis Holland
131 6th Avenue South, P.O. Box 605
Waite Park, MN 56387

Randy Gamiel and Lois Gamiel
4827 E. Patrick Lane
Phoenix, AZ 85054

Kostadin Velikova
2245 North Green Valley Pkwy 652
Henderson, NV 89014

Julius Rumpf
3034 North 47th Place
Phoenix, AZ 85018

Karen Halliburton
P.O. Box 1883
Placerville, CA 95667

Terence Barber
P.O. Box 1883
Placerville, CA 95667

Wayne Drust
5138 South Neenah Avenue
Chicago, IL 60638