**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick (#004738)
J. James Christian (#023614)
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Fax: (602) 255-0103
rgh@tblaw.com
jjc@tblaw.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM P.A.**
Phillip Kim *(pro hac vice)*
Laurence Rosen (*pro hac vice*)
Timothy Brown (*pro hac vice*)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
tbrown@rosenlegal.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| JENNIFER BURRITT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRACEA, BRADLEY D. EDSON, TODD C. CROW, AND DAVID BENSOL,<br><br>Defendants. | No. CV-09-00406-FJM<br><br>**(Consolidated)**<br><br>CLASS ACTION<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, court-appointed Lead Plaintiff Harvey Pensack and Named Plaintiffs Jennifer Burritt and Jose Medrano (collectively "Plaintiffs") and their Lead Counsel The Rosen Law Firm, P.A. and Liaison Counsel Tiffany & Bosco, P.A., working under the

direction of Lead Counsel (collectively "Plaintiffs' Counsel"), hereby move the Court for an Order: (a) approving the administrative determinations of Strategic Claim Services ("SCS"), accepting and rejecting the claims submitted as recommended herein and in the Affidavit of Paul Mulholland CPA, CVA Concerning Administrative Procedures Performed to Process and the Results Thereof ("Mulholland Affidavit"); (b) directing payment of administrative costs and fees incurred and to be incurred in connection with services performed and to be performed with respect to the administration of the Settlement Fund; and (c) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Authorized Claimants.

In support of this Motion, Plaintiffs submit the following Memorandum of Points and Authorities, the Declaration of Laurence Rosen In Support of Plaintiffs' Unopposed Motion for Distribution of Class Settlement Funds ("Rosen Declaration"), filed herewith, and the Mulholland Affidavit, attached as Exhibit 1 to the Rosen Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

This action commenced on February 27, 2009 as a class action on behalf of all persons and entities other than Defendants who purchased the common stock of Nutracea, Inc. ("Nutracea" or the "Company") during the period between April 2, 2007 and February 23, 2009 for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and A.R.S. §44-2003(A) and §44-1999 caused by Defendants' violation of A.R.S. § 44-1991(A)(3).

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation and Agreement of Settlement (Docket No. 101; the "Stipulation"), dated May 17, 2010.

Following the filing of the Stipulation, Plaintiffs' motions for preliminary and final approval of settlement (Docket Nos. 103, 109), and the issuance of the Court's Order and Final Judgment (Docket No. 114; the "Judgment"), this action has been settled pursuant to the terms of the Stipulation. The Settlement, in consideration for the Class' Released Claims, provides: (a) $1.5 million for the benefit of the Class to be paid from Defendants' directors and officers ("D&O") liability insurance policy (the "Policy")[2]; and (b) 50% of any remaining funds in the Policy after the payment of all claims submitted under the Policy, so long as the funds remaining in the Policy at that point are greater or equal to $150,000. *See* Stipulation, ¶ 5.

On October 4, 2010, the Court issued an Order approving Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses (Docket No. 115, the "Fee and Expenses Order"), which provided for an award of $375,000 in attorneys' fees to Plaintiffs' Counsel, reimbursement of expenses in the amount of $121,739.81, and an award to Lead Plaintiff of $2,500 – all to be paid from the Settlement Fund.

Plaintiffs' Counsel has been advised by the court-appointed claims administrator, Strategic Claims Services, that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Mulholland Affidavit ¶¶ 8-9; Stipulation ¶¶ 16-25

All that remains to complete the Settlement process is to distribute the Net Settlement Fund[3] to the Authorized Claimants. The only hindrance to the

---

[2]Provided by the Carolina Casualty Insurance Company ("Carolina").

[3]Defined as the Settlement Fund, net of any Taxes and Tax Expenses, and after payments for valid expenses related to: 1) notice and administration expenses; 2) attorneys' fee and expense award; and 3) other administration expenses, including

distribution of the Settlement funds in the potential additional monies that may enter the Settlement Fund pursuant to the terms of the Stipulation; namely, the potential 50% of any remaining funds in the Policy after all claims under the Policy have been resolved. However, as there are claims still outstanding under the Policy; as these claims may take many months, if not years to resolve themselves; as it is unclear whether the Policy will have over $150,000 in funds remaining after the resolution of these claims, the Policy already having less than $450,000 remaining; and as there will be significant benefit provided to the Authorized Claimants by distributing the Net Settlement Fund now, as opposed to months or years down the line; Plaintiffs' Counsel requests that the Court authorize the distribution of the Net Settlement Fund.

In addition, Plaintiffs' Counsel requests that the Court authorize payment of reasonable unpaid fees and expenses incurred by SCS in the administration of the Settlement Fund.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Court's Order Preliminary Approving Settlement and Providing for Notice dated April 23, 2009 (Docket No. 105, the "Prelim. App. Order"), all claims were to be submitted to the Claims Administrator postmarked no later than September 10, 2010. Prelim. App. Order ¶ 14(a). The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. Mulholland Affidavit ¶ 9.

SCS identified 572 inadequately documented claims. When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. Of the 572 claims initially identified as deficient, 414 have been successfully rectified

---

expenses related to Claims processing. Stipulation ¶ 6.

and are now considered valid. The remaining 158 claimants either did not respond to the deficiency notice, or responded with insufficient documentation. These claimants were sent second rejection notices explaining the reason(s) for their rejection. To date, none of these remaining claimants have objected to or contested SCS's determination. Mulholland Affidavit ¶ 9b. In addition SCS identified 167 claimants that it has recommended for complete rejection. Mulholland Affidavit ¶ 9c. Such claimants were sent rejection notices advising them of SCS's determination, and to date, none of these claimants have objected to or contested their rejection. *Id.*

There are presently no disputed rejected claims. Plaintiffs respectfully request that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibits D and E to the Mulholland Affidavit.

**B. Untimely but Otherwise Valid Claims**

The Stipulation indicates that: "All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by Order of the District Court. Any Class Member who fails to submit a Proof of Claim within such period shall be forever barred from receiving any payment pursuant to this Settlement Stipulation (unless, by Order of the District Court, a later submitted Proof of Claim by such Class Member is approved)." Stipulation ¶ 19(b).

Of the 2,397 properly documented valid claims, 208 were submitted after the Court-approved September 10, 2010 deadline. The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimant or Defendant as the Settlement is not "claims-made." Stipulation ¶ 11. *See Dahingo v. Royal Caribbean Cruises Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004), citing *In re "Agent Orange"*

*Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court even allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having "no justifiable expectation in any particular pay-out"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

Plaintiffs respectfully request that the Court approve the 208 untimely, but otherwise valid claims as listed in Exhibit B-3 of the Mulholland Affidavit.

## III. FINAL REQUEST FOR EXPENSES

### A. All Attorneys' Fees Have Previously Been Awarded by the Court

This motion does not request any award of attorneys' fees. All attorneys' fees for Plaintiffs' Counsel have previously been awarded by the Court. *See* Fee and Expenses Order ¶ 4. In addition, this motion does not request an award of expenses, except, as discussed *infra*, for the remaining unpaid final fees and expenses (including the remaining cost incurred in giving Notice to the Settlement Class Members) of the Claims Administrator relating to processing claims and distributing the Net Settlement Fund.

### B. Claims Administrator's Fees and Expenses

SCS, the court-appointed Claims Administrator, has now processed all claims and determined its fees and expenses for processing and distributing the Net Settlement Fund. *See* Mulholland Affidavit ¶¶ 8, 10. The total amount of SCS' fees and expenses, which include, without limitation, managing Notice of Claim Forms, publishing Summary Notice, reviewing and analyzing claims, calculating the aggregate Recognized Losses for ultimate distribution of the Net Settlement Fund, preparing income tax returns for the Settlement Fund, and distributing the Net Settlement Fund to Authorized Claimants, is $137,329.24. *See* Mulholland Affidavit ¶ 10, Exs. G, I.

SCS received an initial payment of $17,483.77 from Defendants for certain notice costs on September 2, 2010. Mulholland Affidavit, Ex. G. *See also* Stipulation, ¶ 5. Pursuant to the Stipulation and the Prelim. App. Order, SCS received an additional $50,000 out of the Notice and Administration Fund on October 15, 2010. Mulholland Affidavit, Ex. G. *See also* Stipulation ¶¶ 7, 36-38; Prelim. App. Order, ¶ 9. As a result, SCS' unpaid fees and expenses amount to $69,845.47. Mulholland Affidavit ¶ 10.

Plaintiffs respectfully request that the Court approve payment of the remaining unpaid reasonable fees and expenses of the Claims Administrator in the amount of $69,845.47.

**IV. DISTRIBUTION OF THE NET SETTLEMENT FUND**

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Lead Counsel, in accordance with the Stipulation and Plan of Allocation, or such further orders of the Court as may be necessary, or as circumstances may require. *See* Stipulation ¶¶ 17-26.

**V. POTENTIAL FUTURE DISTRIBUTION OF ADDITIONAL FUNDS AND DONATION OF REMAINING FUNDS**

Under the terms of the Settlement, the Class is entitled to 50% of any remaining funds in Defendant's D&O liability insurance Policy after all claims under the Policy have been terminated, so long as the amount of such funds is not less than $150,000 (the "Additional Funds"). Stipulation ¶ 5.

Plaintiffs' counsel was informed by Carolina that as of July 2011 there was approximately $438,000 in funds remaining under the Policy. Rosen Declaration ¶ 3. The next Loss Run report is not due until mid to late September 2011. Rosen Declaration ¶ 5. There are two claims still pending under the Policy, including an

SEC action in this District that remains active against one of the Defendants[4]. Rosen Declaration ¶ 4.

It is unclear when the remaining claims under the Policy will be resolved – it may take years. Moreover, it is also unclear whether there will be $150,000 or more in funds remaining under the Policy when said claims are terminated. As a result, Plaintiffs' Counsel respectfully requests that distribution of the Net Settlement Fund be authorized irrespective of the potential Additional Funds that may enter the Settlement Fund in the future. The prompt distribution of the Net Settlement Fund will immediately benefit the Authorized Claimants, the vast majority of which submitted their Claims more than ten months ago, by providing them with immediate compensation. If distribution of the Net Settlement Fund is delayed pending resolution of the claims currently active under the Policy, Authorized Claimants may not receive compensation for years to come. Moreover, the Policy may very well fall below the $150,000 threshold as said claims are litigated. In that case, the delay in compensation would be all for naught.

If and when the Additional Funds enter the Settlement Fund pursuant to the terms of the Stipulation, Plaintiffs' Counsel will file a subsequent motion to disburse those Additional Funds to Authorized Claimants.

If there are remaining funds in the Settlement Fund after the distribution of the Additional Funds that cannot be distributed to Authorized Claimants cost effectively; or if there are remaining funds and no Additional Funds enter the Settlement Fund due to the Policy falling below the $150,000 threshold (in either case, the "Remaining Funds"); such Remaining Funds will be donated to one or more non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Carolina. *See* Stipulation ¶ 11.

---

[4] *United States Securities and Exchange Commission v. NutraCea et al*, Case No. 11-CV-92-SRB; terminated against all defendants save for Todd C. Crow.

**VI. CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

DATED: September 12, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM P.A.**

/s/ Phillip Kim
Phillip Kim *(pro hac vice)*
Laurence M. Rosen (*pro hac vice*)
Timothy W. Brown (*pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
tbrown@rosenlegal.com
Lead Counsel for Plaintiffs

**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick (#004738)
J. James Christian (#023614)
Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Fax: (602) 255-0103
rgh@tblaw.com
jjc@tblaw.com
Liaison Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am attorney with the Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 34th Floor, New York, New York 10016. I am over the age of eighteen.

On September 12, 2011, I electronically filed the following **PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 12, 2011

/s/ Phillip Kim